THE LAW OFFICES OF
**ABDULAZIZ, GROSSBART & RUDMAN**
P.O. BOX 15458
North Hollywood, CA 91615-5458
6454 Coldwater Canyon Ave. (91606-1187)
(818) 760-2000 or Fax (818) 760-3908
Milene C. Apanian (SB# 193135)
email address:  mca@agrlaw.com
Bruce D. Rudman (SB#184610)
email address: bdr@agrlaw.com

Attorneys for Use-Plaintiff BMC WEST, LLC, a Delaware Corporation,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BMC WEST, LLC, a Delaware Corporation,<br><br>            Use Plaintiff,<br><br>     vs.<br><br>K.O.O. CONSTRUCTION, INC., a California corporation; LESRON INSURANCE AGENCY, INC, a California corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; and DOES 1 to 100 Inclusive,<br><br>            Defendants. | Case No.: 2:17-CV-2587<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **QUANTUM MERUIT**<br>3. **ACCOUNT STATED**<br>4. **RECOVERY ON MILLER ACT PAYMENT BOND (40 U.S.C. §270b);**<br><br>**DEMAND FOR JURY TRIAL** |

Use Plaintiff alleges:

### INTRODUCTORY PARAGRAPHS

### JURISDICTION

1.     This action is brought pursuant to and under the jurisdiction conferred by Title 40, United States Code, §§ 270a-270b, as well as Title 28, United States

- 1 -

1  Code, §1367(a).

## VENUE

2. The contract at issue in this litigation was to be performed in Los Angeles County, California. Venue therefore lies in the United States District Court for the Central District of California.

## PARTIES

3. Use-Plaintiff BMC WEST, LLC (hereinafter sometimes referred to as "BMC") is and, at all times herein mentioned, was a Delaware corporation duly organized to exist in the capacity of a corporation, authorized to conduct business in California, including by and through its subsidiary STOCK BUILDING SUPPLY WEST, LLC, a Utah corporation duly organized to exist in the capacity of a corporation, authorized to conduct business in California, with its principal place of business in California located within Santa Clarita, County of Los Angeles, State of California. Use-Plaintiff BMC, and its subsidiary STOCK BUILDING SUPPLY WEST, LLC are and were at all times herein mentioned a supplier of construction materials and supplies to the construction industry.

4. Use-Plaintiff BMC WEST, LLC and its subsidiary STOCK BUILDING SUPPLY WEST, LLC are hereinafter collectively referred to as "Use-Plaintiff BMC" or "Use-Plaintiff."

5. Use-Plaintiff BMC is informed, believes and thereupon alleges that Defendant K.O.O. CONSTRUCTION, INC. and Does 1 through 10 (hereinafter collectively referred to as "K.O.O. CONSTRUCTION") is a California corporation duly authorized by the State of California to exist and conduct business in the capacity of a corporation in the state of California.

6. Use-Plaintiff BMC is informed and believes and thereon alleges that defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and Does 11 to 20 (hereinafter collectively referred to as "TRAVELERS") is and, at all times relevant herein, is a Connecticut corporation

conducting business in the state of California., and is, an at all times relevant herein, was licensed to write bonds in the State of California.

7. Use-Plaintiff BMC is ignorant of the true names and capacities, of DOES 1 through 100 inclusive, and has therefore sued them by the foregoing names that are fictitious. Use-Plaintiff BMC will amend this Complaint to allege their true names and capacities when such names and/or capacities are ascertained by inserting their true names and capacities in lieu of said fictitious names, together with apt and proper words to charge them. Use-Plaintiff BMC is informed, believes and thereupon alleges that each of the fictitiously named defendants herein is a proper party defendant to this lawsuit.

8. Use-Plaintiff BMC is informed, believes and thereupon alleges that each of the defendants is the agent and/or employee of each and every other defendant and that in doing the things herein alleged, each defendant was acting within the course and scope of such agency and/or employment. Further, the acts of each and every defendant, were ratified and confirmed by each and every other defendant.

9. Use-Plaintiff BMC is informed, believes and thereupon alleges that each of the defendants is responsible for the damages caused to plaintiff.

## FIRST CAUSE OF ACTION

**(Breach of Contract as Against K.O.O. CONSTRUCTION Defendants)**

10. Use-Plaintiff BMC repeats and realleges Paragraphs 1 through 9 of this entire Complaint and incorporates same herein as though set forth in full.

11. Use-Plaintiff BMC is informed and believes and thereon alleges that prior to July 8, 2016, K.O.O. CONSTRUCTION entered into a written contract with the United States government for a federal public work of improvement commonly known as the Clinical Laboratory Renovation in B500, VA Greater Los Angeles Healthcare System, Los Angeles CA 11301 Wilshire Boulevard, CA CA 90073, Project # 691-338 W912PL-11-C009 (hereinafter "Wilshire Project").

12. Use-Plaintiff BMC is informed and believes and thereon alleges that prior to July 8, 2016, K.O.O. CONSTRUCTION entered into a written contract with the United States government for a federal public work of improvement commonly known as the Renovate Ambulatory Care Mental Health Clinics VA Downtown Outpatient Clinic, Los Angeles CA; 351 East Temple Street, LA CA 90012, Project # 691GE-12-105WL Department of Veterans Affairs, Contract Number VA 262-12-C-0131(hereinafter "Temple Project").

13. On or about July 8, 2016, in the County of Los Angeles, State of California, Use-Plaintiff BMC and K.O.O. CONSTRUCTION entered into an agreement memorialized in writing in the form of a Credit Application, the purpose of which was to allow K.O.O. CONSTRUCTION to purchase building materials from Use-Plaintiff BMC on a credit basis for various projects which K.O.O. CONSTRUCTION was to perform construction services (hereafter referred to as "AGREEMENT"), including but not limited to for the Wilshire Project and Temple Project. A true and correct copy of the AGREEMENT is attached hereto as Exhibit "A" and is incorporated herein by this reference as though fully set forth.

14. During the performance of the AGREEMENT K.O.O. CONSTRUCTION  ordered additional work and materials of Use-Plaintiff BMC for both the Wilshire Project and Temple Project and promised to pay therefor.

15. Use-Plaintiff BMC has fully and completely performed all promises on Use-Plaintiff BMC's part to be performed under its AGREEMENT except those promises and conditions which were excused by Defendants.

16. On or about September 13, 2016, K.O.O. CONSTRUCTION , and each of them, breached their AGREEMENT by failing to pay the sum then due and owing in the amount of $3,111.26 for the Wilshire Project.

17. On or about October 20, 2016, K.O.O. CONSTRUCTION , and each of them, breached their AGREEMENT by failing to pay the sum then due and owing in the amount of $17,167.50 for the Temple Project").

18. As a direct and proximate result of the aforementioned breaches by K.O.O. CONSTRUCTION, Use-Plaintiff BMC has not been paid the balance due under the AGREEMENT and has lost the use of that money, all to Plaintiff's damage in an amount not yet fully ascertained (but approximately $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project), and when ascertained this pleading will be amended to state the correct amount, plus prejudgment interest thereon at the lawful rate.

19. There is now due, owing and unpaid by K.O.O. CONSTRUCTION the sum of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project together with interest thereon at the rate of 18% per annum from and after August 30, 2013 and costs and expenses incurred by Use-Plaintiff BMC in enforcing the AGREEMENT for which demand has been made upon K.O.O. CONSTRUCTION and as to which K.O.O. CONSTRUCTION has ignored and refused.

20. Pursuant to the terms and conditions of the AGREEMENT, K.O.O. CONSTRUCTION agreed to pay actual attorney's fees and other costs and expenses incurred by Use-Plaintiff BMC in connection with enforcing the terms of the AGREEMENT. Use-Plaintiff BMC has been required to retain the services of the Law Offices of Abdulaziz, Grossbart & Rudman in which to prosecute this action and has incurred attorney's fees and will continue to incur attorney's fees, the exact amount of which is unknown at this time but subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

**(Quantum Meruit Against K.O.O. CONSTRUCTION Defendants)**

21. Use-Plaintiff BMC repeats and realleges all of the allegations contained in paragraphs 1 through 20 of this pleading and by this reference incorporates same herein as though set forth in full.

/ / /

22. Within the last two years, Use-Plaintiff BMC did at the instance and request of K.O.O. CONSTRUCTION defendants, and each of them, and their promise to pay the reasonable value thereof, agreed to furnish and furnished services, materials, labor and equipment to be used and which were actually used in said construction of the work of improvement on the real properties hereinabove described, also known as the Wilshire Project and the Temple Project.

23. K.O.O. CONSTRUCTION benefited from Use-Plaintiff BMC's labor, services and materials, including but not limited to the fact that K.O.O. CONSTRUCTION could not have fully performed and completed its obligations under its contract with the government for the Wilshire Project and the Temple Project in the absence of the labor, services and materials that Use-Plaintiff's provided.

24. The unpaid balance of the services, materials, labor and equipment for the Wilshire Project and the Temple Project had and still have a reasonable value in excess of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project.

25. Although demand therefor has been made since the furnishing and performance of the work as alleged above, no part of the balance of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project has been paid and the sum of $3,111.26 on the Wilshire Project and $17,167.50 on the Temple Project remains due owing and unpaid over and above all credits and offsets, together with interest thereon at the highest legal rate from September 13, 2016 and October 20, 2016 respectively to the date of judgment.

### THIRD CAUSE OF ACTION
**(Account Stated Against K.O.O. CONSTRUCTION Defendants)**

26. Use-Plaintiff BMC repeats and realleges all of the allegations contained in paragraphs 1 through 25 of this pleading and by this reference incorporates same herein as though set forth in full.

27. Within the las two years, in the County of Los Angeles, California, an account was stated in writing by and between Use-Plaintiff BMC and K.O.O. CONSTRUCTION defendants, and each of them, and on such statement the balance of $3,111.26 on the Wilshire Project and $17,167.50 on the Temple Project was found due to Use-Plaintiff BMC from K.O.O. CONSTRUCTION defendants, and each of them. K.O.O. CONSTRUCTION defendants, and each of them, agreed to pay to Use-Plaintiff BMC said balance. A true and correct copy of that writing is attached hereto as Exhibit "B".

28. Although demand therefor has been made since the furnishing and performance of the work as alleged above, no part of the balance of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project has been paid and the sum of $3,111.26 on the Wilshire Project and $17,167.50 on the Temple Project remains due owing and unpaid over and above all credits and offsets, together with interest thereon at the highest legal rate from September 13, 2016 and October 20, 2016 respectively to the date of judgment.

## FOURTH CAUSE OF ACTION

(**Recovery on Miller Act Payment Bond Against All Defendants**)

29. Use-Plaintiff BMC repeats and realleges Paragraphs 1 through 28 of this entire Complaint and incorporates same herein as though set forth in full.

30. Use-Plaintiff BMC is informed and believes and thereon alleges that under 40 U.S.C. sections 270a-270e, K.O.O. CONSTRUCTION, as principal, and Defendant TRAVELERS, as surety, executed and delivered a payment bond (BOND #105712688 and/or #105712689 (TTCS#105712688)) to the United States for the Wilshire Project, whereby said Defendants bound themselves jointly and severally for the purpose of allowing a joint action or actions against any or all of them and bound themselves in a sum of money equal to the contract price (hereinafter "Wilshire Bond").

/ / /

31. Use-Plaintiff BMC is informed and believes and thereon alleges that under 40 U.S.C. sections 270a-270e, K.O.O. CONSTRUCTION, as principal, and Defendant TRAVELERS, as surety, executed and delivered a payment bond (BOND #105797416) to the United States for the Temple Project, whereby said Defendants bound themselves jointly and severally for the purpose of allowing a joint action or actions against any or all of them and bound themselves in a sum of money equal to the contract price (hereinafter "Temple Bond").

32. Between July 2016 and October 2016, K.O.O. CONSTRUCTION purchased from Use-Plaintiff BMC material, services, and equipment, or a combination of these, pursuant to the AGREEMENT, and at the specific request of K.O.O. CONSTRUCTION, in the execution of the work required in the contract between K.O.O. CONSTRUCTION and the United States for the Wilshire Project and Temple Project for the total sum of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project.

33. No part of the $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project for the materials and supplies provided by Use-Plaintiff BMC to K.O.O. CONSTRUCTION and which materials and supplies were provided for and delivered to the Wilshire Project and the Temple Project has been paid, leaving a balance of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project remaining due, owing and unpaid to Use-Plaintiff.

34. Although demand therefor has been made since the furnishing and performance of the work as alleged above, no part of the balance of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project has been paid and the sum of $3,111.26 on the Wilshire Project and $17,167.50 on the Temple Project remains due owing and unpaid over and above all credits and offsets, together with interest thereon at the highest legal rate from September 13, 2016 and October 20, 2016 respectively to the date of judgment.

/ / /

35.     Use-Plaintiff BMC last furnished labor and materials on the Wilshire Project and the Temple Project within the year immediately preceding the date this complaint was filed.

36.     Within 90 days of the date Use-Plaintiff BMC last provided materials and supplies to the Wilshire Project and the Temple Project, Use-Plaintiff BMC timely served written notices to K.O.O. CONSTRUCTION, as the prime contractor and TRAVELERS, as the surety on the Wilshire Bond and the Temple Bond, that the sum of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project was and is due and owing to Use-Plaintiff BMC for the materials and supplies it provided to the Wilshire Project and the Temple Project and for which Use-Plaintiff BMC had not be paid.

37.     A period of 90 days has now elapsed since Use-Plaintiff BMC last provided labor and materials to K.O.O. CONSTRUCTION and the Wilshire Project and/or the Temple Project.

38.     Under the payment bond executed between Defendants K.O.O. CONSTRUCTION and TRAVELERS, Defendant TRAVELERS is jointly and severally obligated to provide payment to Use-Plaintiff BMC for the materials and supplies provided to the Wilshire Project and the Temple Project.  Accordingly, on the failure of K.O.O. CONSTRUCTION to compensate Use-Plaintiff BMC for the work performed, Defendant TRAVELERS is obligated to pay Use-Plaintiff BMC the amount set forth above.

39.     Pursuant to the terms and conditions of the AGREEMENT between Use-Plaintiff BMC and K.O.O. CONSTRUCTION and/or by statute, Use-Plaintiff, in addition to the principal sum of money demanded herein, is entitled to attorneys' fees.  Use-Plaintiff BMC in this action has been required to retain the services of the Law Offices of Abdulaziz & Grossbart and the Use-Plaintiff BMC has incurred and will continue to incur attorneys fees, the exact amount of which is unknown at this time, but subject to proof at the time of trial.

**WHEREFORE, USE-PLAINTIFF prays judgment as follows:**

1. For the sum of $3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project and such additional sums that become due up to the date of trial, according to proof, together with interest thereon at the rate of 18% per annum to the date of judgment;

2. As to the Recovery on Payment Bond, the sum of 3,111.26 for the Wilshire Project and $17,167.50 for the Temple Project, together with interest thereon at the highest legal rate allowable per annum to the date of judgment.

3. For interest on said sum at the legal rate per annum from the date of breach through the date of judgment according to proof at the time of trial;

4. For reasonable attorney's fees;

5. For cost of suit incurred herein;

6. For such other and further relief as the court may deem just and proper.

Use-Plaintiff BMC Demands A Jury Trial.

DATED:_____          ABDULAZIZ, GROSSBART & RUDMAN


BY:_____
MILENE C. APANIAN
BRUCE D. RUDMAN
Attorneys for Use-Plaintiff
BMC WEST, LLC, a Delaware Corporation,

w:\bmc\k.o.o. construciton inc\pleadings\first amended federal complaint- bmc v. koo.doc